IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSEPH MICHAEL MAY                                                    PLAINTIFF


v.                      Civil No. 5:25-cv-05025-TLB-CDC


SHERIFF JAY CANTRELL, Washington
County, Arkansas; JOHN AND JANE DOE,
Employees of Karas Correctional Health;
JOHN AND JANE DOE, D-2 Officers, Washington
County Deputies; DEPUTIES JOHN AND JANE DOE,
Classification at the Washington County Detention Center (WCDC);
TENTON MARTIN #451, WCDC; and KARAS
CORRECTIONAL HEALTH, P.L.L.C.                                         DEFENDANTS


## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.   The case is before the Court on the Plaintiff's failure to obey an Order of the Court.

### I.  DISCUSSION

Plaintiff filed this action pursuant to 42 U.S.C. §1983.   He proceeds *pro se* and *in forma pauperis* ("IFP").   Plaintiff was incarcerated in the Washington County Detention Center ("WCDC") at the time he filed his Complaint (ECF No. 1 at 1).

When he filed this case, Plaintiff was specifically advised (ECF No. 2) that he was required to immediately inform the Court of any change of address.   If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than

1

thirty (30) days from the time of his transfer to another facility or his release.   Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

At the direction of the Court, the WCDC defendants were asked to identify the classification officers for January and February 2025 and the deputies working in pod D-2 on February 11, 2025, through February 11, 2025.   (ECF No. 30).   Further, Karas Correctional Heather was directed to identify the names of the employees it had working at the WCDC during the time of Plaintiff's incarceration.   (ECF No. 25).

Due to the identification of the potential John or Jane Doe parties, Plaintiff was granted leave to file a Second Amended Complaint.   (ECF No. 26).   The Second Amended Complaint was originally due by April 29, 2025.   *Id.*   However, the time was extended to May 12, 2025, due to the identification of the WCDC John and Jane Doe parties.   (ECF No. 31).   On June 3, 2025, Plaintiff filed a motion to extend his time to file the Second Amended Complaint.   (ECF No. 37).   The motion was granted, and Plaintiff was given until July 10, 2025, to file the Second Amended Complaint.   (ECF No. 39).   This Order advised the Plaintiff that failure to comply with the Order would result in the dismissal of the case.   *Id.*; *see also* (ECF Nos. 2, 8, 26, 31, 33) (all advising Plaintiff that failure to comply would result in the dismissal of the case).

On June 27, 2025, Plaintiff advised the Court that he was transferred to the Benton County Detention Center ("BCDC").   (ECF No. 40).   On July 9, 2025, mail was returned from the BCDC as undeliverable with a notation he was no longer in the detention center.   (ECF No. 41). Plaintiff had until August 8, 2025, to advise the Court of his new address.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added).

To date, Plaintiff has not provided a new address or contacted the Court in anyway. Plaintiff has not filed his Second Amended Complaint which was due by July 11, 2025. In fact, the last thing filed by the Plaintiff in this case was his notice of change of address to the BCDC. The Court has confirmed by review of the BCDC detainee roster than Plaintiff is not currently incarcerated in that facility.[1]

## II.   CONCLUSION

For this reason, it is recommended that **this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

---

[1] https://benton-so-ar.zuercherportal.com/#/inmates (last accessed August 11, 2025).

**Status of Referral:   The referral terminates upon the filing of this Report and Recommendation.**

RECOMMENDED this 25th day of August 2025.

*s/ Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE